Mr. Isadore F. Rommes, Jr. Attorney for City of Perry and District School Board of Taylor County 115 West Bay Street Perry, Florida 32347
Dear Mr. Rommes:
You have asked substantially the following question on behalf of the City of Perry and the Taylor County District School Board:
 Is the district school board subject to the municipality's comprehensive plan adopted pursuant to s. 163.3161, F.S., et seq., when developing land situated within the municipality?
In sum, I am of the opinion that:
 The district school board is subject to the municipality's comprehensive plan adopted pursuant to s. 163.3161, F.S., et seq., when developing land situated within the municipality to the extent that such plan does not regulate the same subject as the State Uniform Building Code for Public Educational Facilities Construction.
You refer to s. 235.26, F.S., which provides that all educational facilities constructed by a school board shall conform to the State Uniform Building Code for Public Educational Facilities Construction. That section states that such facilities shall be "exempt from all other state, county, district, municipal, or local building codes, interpretations, building permits, and assessments of fees for building permits, and . . . ordinances. . . ." (e.s.)
Pursuant to s. 235.26(9), the State Uniform Building Code for Public Educational Facilities Construction has the force and effect of law and supersedes any other building code or ordinance for the construction of educational facilities, whether at the local, county, or state level. It is assumed, for purposes of this inquiry, that the city's comprehensive plan and development permits required thereunder do not apply to or regulate the same subject as the State Uniform Building Code for Public Educational Facilities Construction.
Section 163.3161, F.S., provides in part:
 It is the intent of [the Local Government Comprehensive Planning and Land Development Regulation Act] that adopted comprehensive plans shall have the legal status set out in this act and that no public or private development shall be permitted except in conformity with comprehensive plans, or elements or portions thereof, prepared and adopted in conformity with this act.[1] (e.s.)
 Once a comprehensive plan, or element or portion thereof, has been adopted in conformity with the act, "all development undertaken by, and all actions taken in regard to development orders by, governmental agencies in regard to land covered by such plan or element shall be consistent with such plan or element as adopted."[2] "Governmental agency" is defined to specifically include school boards.[3]
 Thus, all development undertaken by, and all actions taken in regard to developmental orders by, school boards in regard to land covered by the plan or element, must be consistent with the plan or element. The language of the statute is clear and unambiguous and expresses the Legislature's intent that school boards may be included within a local government's comprehensive plan.[4] When the legislative intent, as evidenced by the language of a statute, is clear and unambiguous, the statute must be given its plain and obvious meaning.[5]
 There is, therefore, ample statutory authority indicating that school boards as governmental agencies are subject to local comprehensive plans adopted pursuant to the Local Government Comprehensive Planning and Land Development Act, s. 163.3161, F.S., et seq. While s. 235.26, F.S., expressly exempts educational facilities constructed by a school board from local building codes, interpretations, building permits or fees, I am not aware of any provision which generally exempts school boards from the provisions of the Local Government Comprehensive Planning and Land Development Act.[6]
 Therefore, I am of the opinion that a district school board is subject to a municipality's comprehensive plan adopted pursuant to s. 163.3161, F.S., et seq., when developing land situated within the municipality to the extent that such plan does not regulate the same subject as the State Uniform Building Code for Public Educational Facilities Construction.[7]
Sincerely,
Robert A. Butterworth Attorney General
[1] Section 163.3161(5), F.S.
[2] Section 163.3194(1), F.S., which provides for the legal status of comprehensive plans.
[3] See, s. 163.3164(9)(d), F.S.
[4] See, s. 163.3177(6)(a), F.S. (comprehensive plan shall include "[a] future land use plan element designating proposed future general distribution, location, and extent of the uses of land for . . . education, public buildings and grounds, other public facilities, and other categories of the public and private uses of land. . . ."). And see, s. 163.3177(7)(e), F.S., stating that the comprehensive plan may include: A public buildings and related facilities element showing locations and arrangements of civic and community centers, public schools, hospitals, . . . and other public buildings. This plan element should show particularly how it is proposed to effect coordination with governmental units, such as school boards or hospital authorities, having public development and service responsibilities, capabilities, and potential but not having land development regulatory authority. This element may include plans for architecture and landscape treatment of their grounds.
[5] See, State v. Egan, 287 So.2d 1 (Fla. 1973); Reino v. State,352 So.2d 853 (Fla. 1977).
[6] See, AGO 79-37 concluding that development on real property owned by district school board situated within municipality must comply with municipality's comprehensive land-use plan provided that plan or development permits required by it do not regulate same subject as the State Uniform Building Code for Public Educational Facilities Construction.
[7] The 1989 Legislature is currently considering a bill which would amend s. 235.193, F.S., to provide that school facilities shall be a permitted use in any land use category or zoning district which permits residential development and that their construction shall not be unduly delayed or stopped by land development regulations. Section 235.26(9), F.S., would also be amended by the bill to provide that the State Uniform Building Code for Public Educational Facilities Construction shall supersede any other code adopted by a board or any other building code or ordinance affecting the construction of educational facilities. The bill would also amend s. 235.34, F.S., to provide that the provisions of that section shall regulate the levying and payment of special assessments for special benefits on school or community college districts. Any municipal or county ordinance adopted pursuant to Chs. 163 or 380 or any other law or local policy to the contrary would be void and of no effect. In addition, no governmental body which regulates the use of land would be allowed to make its permit or order authorizing the development of law for a school plant or for the construction of educational facilities conditional upon the provision of any off-site improvements by the board, except as provided in s. 235.34, F.S. See, Senate Bill 251. A companion bill has been filed in the House of Representative. See, House Bill 478. And see, House Bill 1205.